IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Casey Daniel Bell, | ) C/A No.: 0:12-829-JMC-PJG |
| Plaintiff, | ) |
| vs. | ) |
| | ) **REPORT AND** |
| Director Byars; Valerie Nesbitt; Bernard Mackey; and Diane Hingle, | ) **RECOMMENDATION** |
| Defendants. | ) |

The plaintiff, Casey Daniel Bell, ("Plaintiff"), a self-represented state prisoner, brings this action pursuant to 42 U.S.C. § 1983, and files this action *in forma pauperis* under 28 U.S.C. § 1915. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2) DSC. Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed.

## BACKGROUND

Plaintiff is incarcerated at Kirkland Correctional Institution where he is serving a three-year South Carolina sentence. (Compl., ECF No. 1 at 3.) Plaintiff believes his South Carolina sentence was to run concurrently with a three-year Georgia sentence. (Id. at 3.) According to the Complaint, Plaintiff already served 2 years and 345 days of his Georgia sentence. (Id.) Consequently, Plaintiff believes he has also served most of his South Carolina sentence. (Id.)

Plaintiff alleges he spoke with someone in the classification division of the South Carolina Department of Corrections when he arrived in South Carolina from Georgia. (Id.) He states he was given credit for 45 days he "did to get the probation." (Id.) He refers to a "sentencing paper" that he claims says "[t]erminate probation time to run concurrent with

sentence now serving in the Georgia DOC with a beginning date of 01-11-09." (Id.) Plaintiff alleges he sent some "sentencing papers" to defendant Nesbitt, who reviewed the inmate records that pertain to the Interstate Agreement on Detainers, and was told he was "getting out in June." (Id.) Plaintiff also claims that the South Carolina Department of Probation, Parole, and Pardon Services told him his "time [was] to be run concurrent with [his] Georgia time." (Id.) He alleges he sent an inmate request to defendant Mackey to no avail. (Id.) He also wrote to defendant Hingle and to defendant Byers, also without satisfactory results. (Id.)

In his prayer for relief he asks to be paid ". . . for each day I had to be in the South Carolina Department of Corrections that the time I spend over." He also seeks costs and fees, and compensation for pain and stress. (Id. at 4.)

## INITIAL REVIEW GENERALLY

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915 and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the

action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal

arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## DISCUSSION

Plaintiff's claims are barred by the holding in Heck v. Humphrey, 512 U.S. 477 (1994), which stated:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction *or sentence* invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Heck, 512 U.S. at 486-87 (emphasis added).

Plaintiff's Complaint seeks monetary damages based on an alleged error in a sentencing computation. Heck holds that until a criminal conviction or sentence is set aside by way of appeal, post-conviction relief, habeas, or otherwise, a civil rights action seeking damages is not cognizable under § 1983. Plaintiff does not allege that his sentence has been set aside or otherwise invalidated. Plaintiff must file the appropriate petition for writ of habeas corpus after he exhausts his administrative remedies. As the United States Court of Appeals for the Fourth Circuit has noted, generally, under the doctrine established by Heck, if a state prisoner's successful claim for damages under § 1983 "would necessarily imply the invalidity of his conviction or sentence," such a claim

is not cognizable under § 1983 unless the prisoner can demonstrate that his conviction or sentence has already been invalidated. Young v. Nickols, 413 F.3d 416, 418-19 (4th Cir. 2005) (quoting Heck, 512 U.S. at 487); see also Nelson v. Campbell, 541 U.S. 637, 643 (2004) (claims "fall[ing] within the 'core' of habeas corpus . . . [are] not cognizable when brought pursuant to § 1983."). Until Plaintiff files his petition or other collateral attack concerning the challenged sentence and obtains relief, his § 1983 action for damages is premature pursuant to Heck.

**RECOMMENDATION**

Accordingly, the court recommends that the Complaint in the above-captioned case be dismissed without prejudice and without issuance and service of process.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

May 23, 2012
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).